Song v. Yao Bros. Group LP, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand fourteen.

PRESENT: DENNIS JACOBS,
　　　　　CHESTER J. STRAUB,
　　　　　REENA RAGGI,
　　　　　　　　　Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
Jinghong Song,
　　　　Plaintiff-Appellant,

　　　　-v.-　　　　　　　　　　　　　　13-2752-cv

Yao Bros. Group LP, Chengwan Yao,
　　　　Defendants-Appellees.*
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:　　　　　　KEVIN K. TUNG, Kevin Kerveng
　　　　　　　　　　　　　Tung, P.C., Flushing, New York.

---

* The Clerk of Court is directed to amend the caption to conform with the above.

1

**FOR APPELLEE:**                    RICHARD E. HERSHENSON, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Eaton, J.**).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Jinghong Song appeals from a judgment of the United States District Court for the Southern District of New York (Eaton, J.), finding in favor of defendants Yao Bros. Group LP and Chengwan Yao on all three of Song's claims. Song suffered losses on investments managed by Yao, and alleged that (i) Yao failed to disclose to Song that he traded futures and options without properly registering with regulatory authorities, (ii) Yao misrepresented the risks of futures trading to Song, and (iii) Yao breached his duty of care as Song's agent by failing to report account activity to Song and by failing to manage the investments properly. Song challenges only the portion of the decision finding Yao not liable for breach of fiduciary duty and negligence.

"Following a civil bench trial, we review a district court's findings of fact for clear error, and its conclusions of law de novo; resolutions of mixed questions of fact and law are reviewed de novo to the extent that the alleged error is based on the misunderstanding of a legal standard, and for clear error to the extent that the alleged error is based on a factual determination." Diebold Found., Inc. v. Comm'r, 736 F.3d 172, 182 (2d Cir. 2013). Upon review of the record and the thorough Findings of Fact & Conclusions of Law issued by the district court, we find no clear error in the district court's factual findings, and agree with the district court's legal conclusions.

---

** Judge Richard K. Eaton of the United States Court of International Trade, sitting by designation.

We have considered all of Song's arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK